## HANNAH V. BORDEN

*v.*

## HENRY A. CURTIS et al., partners, as Curtis & Conover.

Five tenants in common—of whom complainant was one and defendant another—of several parcels of land, made partition thereof by oral agreement among themselves, which was carried out by mutual releases. One parcel, a storehouse with a yard attached, was subject to a term, not yet expired, created by the common ancestor, by lease to the defendant Curtis and his partner in business, Conover. It was part of the oral agreement of partition that defendant Curtis should procure a surrender of this lease. The yard attached to the store was set off to the complainant. On bill for specific performance of the oral contract to surrender and demurrer thereto—*Held*, (1) That the other tenants in common are not necessary parties. (2) That the consideration of the contract to procure the surrender is found in the partition. (3) That the statute of frauds is no defence. (4) That the court will not presume that the defendant Curtis cannot procure his partner to join in the surrender.

Bill for specific performance. On demurrer.

Submitted on briefs by

*Mr. H. H. Wainwright,* for the complainant.

*Mr. F. Parker,* for the defendants.

PITNEY, V. C.

Mrs. Borden, the complainant, her sister, Mrs. Van Leer, and her brothers, Asa Curtis and Abraham O. Curtis, and Henry A. Curtis one of the defendants, were children and heirs at law of Osborn Curtis, who died intestate, in 1887, seized of considerable real estate. One parcel of this, a storehouse and yard, had been leased by the decedent to the defendants, Henry A. Curtis and William T. Conover, as partners in trade, for the term of ten years from December 31st, 1885, at the yearly rent of $520.

After the death of their father, the heirs above named made a friendly partition of the real estate of which he died seized, in

which the storehouse, so under lease, was set off to Mrs. Van Leer, and the yard or lot attached and included in the lease was set off to the complainant. It was a part of the verbal agreement for partition, that the lease should be surrendered and that Henry A. Curtis, the defendant, should procure such surrender, but Conover, the partner and co-lessee of Henry, was not a party to that agreement. The agreement for partition was carried out by mutual releases between the parties, among which was one from the complainant to Henry A. Curtis for his share, and one from him to the complainant for her share, including that part of the leased premises set off to her. There was no formal surrender of the lease, but the lessees joined in taking a new verbal lease from Mrs. Van Leer for the part of the leased premises set off to her, at a rent greater than that reserved by the lease for the whole premises, but they retain and refuse to give up possession of the part included in the lease set off to complainant. Thereupon she filed her bill against Henry A. Curtis and his partner (Conover), setting forth the foregoing facts and alleging that Conover, by taking a new lease from Mrs. Van Leer, for her part of the demised premises, has ratified his partner's undertaking to surrender the whole lease, and praying that the defendant Curtis may be decreed to specifically perform the contract to surrender, and for damages for the retention of the possession of the premises.

Defendants have demurred, assigning several infirmities in the bill as causes. I will consider these in their order :

1. They say that the other heirs of Osborn Curtis are interested in the rents of this property, and are, therefore, necessary parties. The simple answer is, that all rents to accrue after the partition out of the premises released to the complainant passed by the conveyance to her, and so her brothers and sisters have no interest in it. And this is not a bill to apportion the rent between the complainant and Mrs. Van Leer, but to be relieved from the release itself.

2. It is alleged that the bill shows no consideration for the undertaking on the part of Henry A. Curtis to procure a surrender of the lease. The answer to this objection is, that it is

alleged that the undertaking was an integral part of the scheme of partition which was carried out by actual partition and mutual releases. Complainant by that agreement was to have her share free from the encumbrance of the lease.

No authority is necessary to show this to be a sufficient consideration. *Hawralty* v. *Warren, 3 C. E. Gr. 124, 125,* is in point. The presumption is, that the surrender of the lease was necessary in order to make the shares equal upon the basis of the actual partition. And the case shows that owelty was paid on several of the shares.

3. The statute of frauds. This objection is fatal at law. But, as the contract of which this is a part has been performed and the defendant Curtis has received the stipulated consideration for the surrender, and the complainant cannot be restored to her former position, the defence of the want of a writing cannot be set up in this court. In fact, it is one of the reasons why the complainant comes here, and the case made by the bill appeals very strongly to the conscience of a court of equity. It would be a fraud on the complainant to permit the defendant to set up the statute in this case.

4. That the contract appears to have been abandoned by the complainant, in that she did not insist on a formal surrender of the lease being delivered at the moment of exchanging the mutual releases, which effectuated the partition.

I think no such inference can be legitimately drawn from the allegations of the bill in that behalf, but, rather, that complainant was not mindful that a written surrender was necessary in law, and trusted her brother to do as he had agreed to do, in effect at least, by abandoning the possession of the premises. This, she says, he has not done, but retains the possession and refuses to pay anything for the use and occupation of the premises.

5. That this was a contract by one partner to procure a thing to be done which could be accomplished only by the concurrence of the other partner, and to the doing of which that other partner was not shown to be bound, and might refuse to concur, and that the agreement to surrender was not within the scope of the authority of the partnership agency.

The bill alleges that the defendant Conover had joined in an act which amounted to a surrender, in law, of the lease, so far as Mrs. Van Leer's part of the demised premises is concerned, and had, thereby, ratified his partner's contract to procure a complete surrender.

I doubt if the premises of this proposition support the inference sought to be drawn from it. But it certainly tends, in some slight degree, to show a willingness on the part of Conover to join with his partner in carrying out the contract. However, the bill does not show, either by direct affirmation or by inference, that the reason why Henry A. Curtis does not perform is his inability to procure the concurrence of Conover. Nor is there a direct allegation that Conover is willing to concur in the surrender.

The precise question presented, then, is, whether it is necessary, in such a case, for the complainant to allege that the defendant, who has undertaken to procure such action of a third party, is able so to do, or whether that will be presumed, until the contrary appears. No authority on this point was cited in the briefs.

Judge Waterman, in his treatise on *Specific Performance* § *89,* lays it down that " complainant need not allege the defendant's ability to perform." In nearly all the cases where inability to perform has been relied upon as a defence, it has been set up in the answer. I have found only two cases where the question was raised by demurrer: *Columbine* v. *Chichester, 10 Jur. 606,* and, on appeal, *2 Phill. 27,* and *Ellis* v. *Colman, 4 Jur. (N. S.) 350. Columbine* v. *Chichester* was a bill to compel the defendants, who were, at first, the committee for the organization of a railroad company, and, afterwards, its trustees, to allot to the complainant certain shares of stock, in fulfillment of a contract on their part so to do. Upon the hearing, on demurrer, before Sir Launcelot Shadwell, the defendant took the ground that it appeared affirmatively, by the bill, that all the shares had already been allotted, and so the performance of the agreement rendered impossible. The vice-chancellor thought it did not so appear, and overruled the demurrer. On appeal, Lord Cottenham thought that, by the proper reading of the bill, it did appear, inferentially

at least, that all the shares had already been allotted, and sustained the demurrer. *Ellis* v. *Colman* was a somewhat similar case, and it appeared affirmatively, on the face of the bill, that what the complainant asked was beyond the power of the defendants to perform; and the bill was really one for indemnity and damages.

From these authorities, and upon principle, I conclude that it is not necessary that the bill should allege that it is possible for the defendant to perform. It is sufficient if it does not appear that performance is impossible.

Looking at the bill in this case, I find nothing to show that the defendant Curtis is unable to fulfill his contract; and I am unwilling to presume that, if he asks his partner to do so, the latter will not consent. I therefore overrule that point. Besides, I doubt if the defendant Curtis can avail himself of this defence without offering to return the consideration which he received for the surrender, by undoing, so far as the complainant is concerned, the partition.

6. Because the contract to procure the surrender, as set forth in the bill, is too uncertain and indefinite to be enforced by this court. The language of the bill is in these words:

"And your oratrix further shows unto your Honor, that at the time of the making of the said division of said lands, as hereinbefore mentioned, it was stipulated and agreed, as a part of the consideration of the said division and of the deeds of conveyance, which were made in pursuance thereof, and the said Henry A. Curtis then and there expressly agreed with your oratrix that, in consideration of the making of the said division, and the grant by said heirs and your oratrix to the said Henry A. Curtis in severalty of the lands and real estate which fell to the said Henry A. Curtis in said division, that the said Henry A. Curtis would surrender, and procure to be surrendered, to your oratrix, upon the delivery to the said Henry A. Curtis of the said deed for his share of said lands duly executed by your oratrix and the heirs of the said Osborn Curtis, deceased, the said lease, and that the said Henry A. Curtis and William T. Conover would thereupon give up and surrender to your oratrix the immediate possession of that part of said lands so as aforesaid leased by said Osborn Curtis, deceased, to said Henry A. Curtis and William T. Conover, and now belonging to your oratrix by virtue of said division."

This seems plain enough, and disposes of all the grounds taken in the brief of the defendants.

The consideration of the case suggests other questions not raised by the briefs: *First.* What is the effect upon the term created by the lease of the deed of release executed by the defendant Curtis to complainant for the premises covered by the lease? Can Curtis and Conover maintain their defence to an action of ejectment, based upon a lease to the two, in the face of a subsequent release by one of them? *Second.* What is the effect at law upon the defendants' right under their lease, as against the complainant, of the taking by them of a new verbal lease from Mrs. Van Leer for that portion of the premises set off to her?

But I do not deem it proper to decide any question not raised by the briefs.

The demurrer should be overruled.